WILLIAM EISBERG, APPELLANT, v. THE MAYOR AND
COUNCIL OF THE BOROUGH OF CLIFFSIDE PARK AND
LOUIS J. RENTLER, RESPONDENTS.

Submitted July 10, 1922—Decided September 26, 1922.

On appeal from the Supreme Court, in which court the
following *per curiam* was filed:

"We indicated the propriety of a dismissal of the cause
because there appeared to be no return to the writ. On ap-
plication of prosecutor, he was allowed to supply the defi-
ciency, and did so about April 23d last, and we therefore
take up the case on the merits.

"Prosecutor was dismissed after trial from the police force
of Cliffside Park, on a finding of guilty on two of four
charges lodged against him. These two were—(1) neglect
of duty and disobedience of orders in failing to ring in to
headquarters from certain specified police boxes on specified
dates; (2) neglect of duty and disobedience in failing to
report his failure so to ring in and in failure to report going
off duty.

"The principal evidence of failure to ring in is the record
tape operated by a mechanism at headquarters. This tape
shows absence of calls at the times specified. Prosecutor
testified that he made the calls. It is in evidence that the
tape is not reliable at times. It is also in evidence that
when it is out of order that fact is noted thereon. All this
goes to the weight of the evidence of the tape, not to its com-
petency, and of its weight the special tribunal was the judge.
Prosecutor admitted missing a number of calls. His first
point is that there was no evidence on which he could be
found guilty of failure to ring in. The point is not sus-
tained.

"The second point is that there is no evidence supporting
a finding that he failed to make the required report. It
might be sufficient to answer that if he was lawfully con-

victed under the first charge, it becomes immaterial whether the conviction under the second was proper, for the conviction under the first would support the sentence. But there was evidence, in our opinion, supporting the second charge in both aspects in the testimony of Rentler, Officer O'Brien and prosecutor himself.

"The third and fourth points relate to technical error in rulings on evidence. But it is now settled that in this class of cases, where there is sufficient legal evidence to support the finding, technical error in admitting cumulative evidence will not ordinarily invalidate the conviction. *Crane* v. *Jersey City,* 92 *N. J. L.* 248; *affirming* 90 *Id.* 109. See, also, Windhorst *v.* Jersey City, No. 244 of the present term, unreported.

"The conviction and sentence will be affirmed, with costs."

For the appellant, *Alexander Simpson.*

For the respondents, *Arthur M. Agnew.*

PER CURIAM.

From a judgment against him in the Supreme Court the prosecutor appealed to this court, and noticed the cause for argument at the present June term, 1922. On the call of the list it was announced by counsel that the case would be submitted on briefs. A brief on behalf of the respondents was filed within the time limited by rule 35, as amended, but none has been filed on behalf of the prosecutor-appellant, and, therefore, the appeal is considered to be abandoned, as provided in the rule. In this situation the respondents are entitled to an affirmance of the judgment; and that will be the order.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK, JJ. 12.

*For reversal*—None.